IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK WALLACE a/k/a MARK          :     CIVIL ACTION
GREEN,                           :     NO. 05-6197
                                 :
            Petitioner,          :
                                 :
        v.                       :
                                 :
JAMES WYDNER, JR. et al.,        :
                                 :
            Respondents.         :


M E M O R A N D U M


EDUARDO C. ROBRENO, J.                        January 15, 2010

        Petitioner Mark Wallace (a/k/a "Mark Green"), filed
this habeas corpus petition under 28 U.S.C. § 2254, collaterally
attacking his sentence and asking the Court to vacate, set aside,
or correct it.  For the following reasons, Petitioner's § 2254
motion will be denied.

        As of the date of this memorandum, Petitioner completed
five years in state custody and is presently in federal custody
on a sentence stemming from a different and more recent
conviction.  Over seven years have passed since the filing of
Petitioner's federal habeas petition, resulting in a dense,
complex procedural history, one the Third Circuit categorized as
"extremely involved and somewhat confusing . . . contain[ing]

duplicative motions, parallel proceedings, multiple continuances, numerous filings, chaotic changes of counsel, petitions to proceed pro se, and confusing replacements of judges." Wallace v. Dragovich, 143 Fed. Appx. 413, 414 (3d Cir. 2005).

However, in order to determine whether each of Petitioner's habeas claims are reviewable, this Court will first address the relevant procedural history and then the current posture of the claims.

## I.  **PROCEDURAL HISTORY**

On September 8, 2000, Petitioner was convicted, in the Court of Common Pleas, of criminal conspiracy to commit arson, after being found guilty by jury of participating in setting fire to his ex-girlfriend's car and home.  Petitioner was sentenced to five to ten years imprisonment, which he began to serve on April 12, 2002.

On July 29, 2002, Petitioner filed his first habeas petition, pursuant to 28 U.S.C. § 2254, which this Court denied without prejudice for failure to exhaust state remedies on February 17, 2004.[1]  On October 4, 2005, the Pennsylvania

---

[1]     Upon appeal, on October 19, 2005, the Third Circuit affirmed the petition's dismissal.  Id.

Superior Court denied six of the seven claims on appeal[2] and, on November 1, 2005, the Pennsylvania Supreme Court denied the petition for allowance of appeal.

On November 30, 2005, Petitioner filed the instant habeas petition, pursuant to 28 U.S.C. § 2254, alleging the same seven (7) claims to which Respondent replied on March 9, 2006.[3]

---

[2] Petitioner's seventh claim of sentencing error was remanded for re-sentencing in light of Commonwealth v. Bowmar, 826 A.3d 831 (Pa. 2003).

[3] The seven (7) claims Petitioner asserted in his federal habeas petition (and before the Superior Court of Pennsylvania on Oct. 3, 2005, doc. no. 65 Ex. B 3-5) are:

1. Whether trial counsel was ineffective for failing to raise pre-trial a Motion to Dismiss the charges based on Petitioner's right not [to] be placed twice in jeopardy;

2. Whether trial counsel was ineffective for failing to object to other crimes evidence offered against Petitioner;

3. Whether the trial court abused its discretion when it charged the jury on the conspiracy when the court gave conflicting charges and was counsel ineffective for failing to object to the erroneous charges;

4. Whether Petitioner is entitled to have his sentence vacated and charges dismissed as a result of the evidence being insufficient;

5. Whether Petitioner is entitled to have his sentence vacated as a result of the twenty (20) month delay in his sentencing;

6. Whether Petitioner is entitled to a new trial based upon prosecutorial misconduct during the trial and summation to the jury;

Therein, Respondent argued that Petitioner had not exhausted his claims where an allocatur petition was pending before the Pennsylvania Supreme Court. (<u>See</u> Resp't's Resp. 3-6.) On September 18, 2006, Respondent filed a supplement to the response, stating that the allocatur petition was denied on July 6, 2006 and remanded to trial court for re-sentencing on August 9, 2006; therefore, the instant "mixed" petition of exhausted and unexhausted claims should be dismissed.

On January 29, 2007, this Court dismissed the instant habeas petition for lack of prosecution. The Third Circuit remanded the dismissal, on September 12, 2007, directing this Court to "permit renewed argument from the parties." (Third Circuit Order, dated Sept. 12, 2007.) Specifically, the Third Circuit stated:

> either because he has exhausted his available state court remedies . . . or because some of his claims are exhausted, and the rest are deemed . . . procedurally defaulted, Appellant no longer presents a mixed petition subject to dismissal for failure to exhaust state court remedies . . . . Accordingly, on remand . . . the District Court should consider the merits of the claims and any defenses thereto.

---

7.    Whether Petitioner is entitled to a new sentencing hearing as a result of the trial court applying an incorrect Prior Record Score and not crediting the defendant for pre-trial confinement."

<u>See</u> Rep. and Recommendation at 4, 8 (internal citations omitted).

-4-

Id.

On June 3, 2008, this Court re-referred the case to Magistrate Judge M. Faith Angell for a Report and Recommendation, as consistent with the Third Circuit's Remand Order. On April 27, 2009, Magistrate Judge Angell recommended that Petitioner's case be dismissed on the merits. On May 4, 2009, Petitioner filed objections to the Report and Recommendation, challenging Magistrate Judge Angell's findings and addressing each of the asserted seven counts. Respondent filed responses thereto the following day and, on May 10, 2009, Petitioner filed a reply.

On August 28, 2009, this Court issued an order directing Petitioner to submit supplemental briefing to address whether each of the seven asserted claims is (1) exhausted or (2) procedurally defaulted prior to reaching a decision on the merits (doc. no. 73).[4] See United States v. Bendolph, 409 F.3d 155, 173 (3d Cir. 2005) (characterizing exhaustion and procedural default

---

[4]     Although the Third Circuit found that Petitioner's claims are exhausted, this does not infer the claims are also procedurally defaulted. See Boyd v. Warden, 579 F.3d 330 (3d Cir. Pa. 2009) (Hardiman, J., dissenting) ("whereas the exhaustion inquiry asks whether a claim was 'presented to the state courts,' the procedural default analysis considers whether the claim was 'presented in the manner that state law requires.'") (internal citations omitted); see also id. ("[T]he Supreme Court has made clear that a procedural default 'forecloses relief even when the petitioner has exhausted his remedies.'") (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 850 (1999) (Stevens, J., dissenting)).

as "defenses"); <u>Smith v. Horn</u>, 120 F.3d 400, 409 (3d Cir. 1990) (same).  Petitioner filed supplemental briefing on September 17, 2009 and, on November 20, 2009, Respondent filed a supplement to the response.  Petitioner, on November 26, 2009, filed a reply. Accordingly, the case is now ripe for adjudication.[5]

## II.  <u>LEGAL STANDARD</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth the standards for reviewing state court judgments in federal habeas petitions filed pursuant to 28 U.S.C. § 2254.  <u>Werts v. Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000).  The AEDPA increases the deference federal courts must give to the factual findings and legal determinations of state courts.  <u>Id.</u> at 196 (citing <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996)).

Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may be granted only when the state court's decision was "contrary to,[6] or involved an unreasonable application of, clearly

---

[5]     In making its determination, the Court first addressed the threshold procedural bars first, and therefore, did not reach the merits on Claims I, II, III, IV, V and VII.

[6]     "A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'"  <u>Williams v. Taylor</u>, 529 U.S. 362,

established Federal law, as determined by the Supreme Court of the United States,"[7] or when the state court's decision was an "unreasonable determination of the facts" based on the evidence adduced at trial."  28 U.S.C. § 2254(d)(1)-(2); Williams, 529 U.S. at 412; Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

Pursuant to the AEDPA, a person in custody as a result of a state court judgment must "fairly present"[8] his federal constitutional claims in state court, thus exhausting his state remedies, before filing his federal habeas petition. 28 U.S.C. § 2254(b).  The exhaustion requirement provides state courts an "initial opportunity to pass upon or correct alleged violations of its prisoner's federal rights."  Wilwording v. Swenson, 404

---

405-6 (2000).

[7]    "A state-court decision 'involves an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'"  Williams, 529 U.S. at 407.

[8]    In order to "fairly present" his claim, a prisoner must present in state court the factual and legal substance of his federal claim, in a manner that puts the state court on notice that a federal claim is asserted.  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982)).

U.S. 249, 250 (1971).  Petitioner bears the burden to show fair presentation of all claims, satisfied by demonstrating the claims brought in federal court are the "substantial equivalent" to those presented in state court.  Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115 (1983).  Failure to exhaust state remedies will prompt the federal court to dismiss the claim without prejudice, so as to allow the state courts the opportunity to first review the claim.  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).  However, under § 2254(b)(2), a habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust" available state remedies.  Lines v. Larkins, 208 F.3d 153, 160 n.8 (3d Cir. 2000).

Additionally, "where state procedural rules bar a petitioner from seeking further relief in state courts, 'the exhaustion requirement is satisfied because there is an absence of available State corrective process.'" Id.  (citing 28 U.S.C. § 2254(b)); see also McCandless, 172 F.3d at 260).  As such, exhausted claims pursuant to a state procedural bar are in fact procedurally defaulted, and "federal courts may not consider their merits unless the petitioner establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." Id. (internal quotation marks omitted); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991).

# III. **ANALYSIS**

## A. **Claims I, II, and V:** Ineffective Assistance of Counsel

### 1. Exhaustion

Petitioner asserts three claims of ineffective assistance of counsel: Claim I - failure to move to dismiss charges against him on double jeopardy grounds; Claim II - failure to object to "the gratuitous observation [by the judge] that no double jeopardy violation had occurred;" and Claim V - failure to raise an objection at Petitioner's second trial for "being twice placed in jeopardy" entitled Petitioner to habeas relief. (See Pet'r's Pet. 17, 19-20.) Respondents contend that Petitioner's claims are procedurally defaulted by virtue of an independent and adequate state rule, under Commonwealth v. Grant, which would bar further review of Petitioner's claims in state court. 813 A.2d 726 (Pa. 2002).

In Grant, the Pennsylvania Supreme Court found an independent and adequate state rule whereby all claims of ineffective assistance of counsel "must be forwarded during state collateral review, not on direct appeal." Id.[9] Simply stated,

---

[9]     The rule in Grant has consistent application since its enactment and, therefore, it is an "independent and adequate

claims for ineffective assistance of trial counsel cannot be

raised, initially, on direct appeal. Id. (applicable to cases on

direct appeal, effective December 31, 2002). A petitioner must

exhaust all claims, prior to filing a federal habeas petition,

which is effectuated by filing a Post-Conviction Relief Act

("PCRA") petition where seeking post-conviction relief. 42

Pa.C.S. § 9541 et. seq. (properly filed at the conclusion of a

petitioner's direct appeal).

    As an initial matter, all of Petitioner's claims are

treated as "exhausted" as the state corrective process is no

longer available since Petitioner completed his sentence in state

custody for the underlying conviction and is currently

incarcerated in federal custody.[10]  See Leyva v. Williams, 504

---

state procedural rule." See e.g., Commonwealth v. Rossetti, 863
A.2d 1185, 1191 (Pa. Super. 2004).
        Further, a state procedural rule, like Grant, provides
an "independent and adequate" basis for precluding federal review
of a petitioner's claims "when it is separate from, and not
intertwined with, any federal law or rule, and is 'consistently
or regularly applied." Johnson v. Mississippi, 486 U.S. 578, 587
(1998).

    [10]    Petitioner is currently in federal, not state, custody
under the alias "Mark Green," on a conviction of several counts
of criminal activity of identify theft and fraud. United States
v. Green, Civil Action No. 08-044; see Resp't's Supp. Resp. to
Rep. and Recommendation 1 ("those crimes occurred between January
and August of 2007, approximately two months after he was
released from state custody."); see also DeFoy v. McCullough, 393
F.3d 439, 441 (3d Cir. 2005) ("A federal court has jurisdiction
to entertain a habeas petition under 28 U.S.C.S. § 2254(a) only
if a petitioner is in custody in violation of the constitution or

F.3d 357, 368-69 (3d Cir. 2007) (citing 28 U.S.C.S. § 2254(b))

("[E]xpiration of the sentence, a factor outside the petitioner's

control, excuses the petitioner's failure to exhaust by

eliminating the state corrective process.").

Therefore, even where, as here, all claims are

considered exhausted, "a federal court may not review it on the

merits if a state court's decision rests on a violation of a

state procedural rule." Leyva, 504 F.3d at 365 (citing Johnson

v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004)); see also Coleman,

501 U.S. at 732 ("Just as in those cases in which a state

prisoner fails to exhaust state remedies a habeas petitioner who

has failed to meet the State's procedural requirements for

representing his federal claims has deprived the state courts of

an opportunity to address those claims in the first instance.").

Procedural default "applies only when the state rule is

'independent of the federal question [presented] and adequate to

support the judgment.'"[11] Id. (citing Gray v. Netherland, 518

U.S. 152 (1996)).[12]

federal law.)

[11]    See id. ("A state rule is 'adequate' for procedural
default purposes if it was 'firmly established, readily
ascertainable, and regularly followed at the time of the
purported default.'").

[12]    There are two exception to the procedural default rule,
where a federal court may excuse a default "only upon a showing

-11-

In support, Petitioner argues that the <u>Grant</u> rule is an "unfair" application where he was unable to file a PCRA petition in state court because of the custody requirement. Respondents oppose, contending that Petitioner is not similarly situated to other prisoners seeking habeas relief because he never submitted a single PCRA petition. Unlike here, in <u>Nicoloudakis v. Abraham</u>, the Third Circuit found that, after the petitioner had filed a PCRA petition, the "expiration of the sentence, a factor outside the petitioner's control, excused the petitioner's failure to exhaust by eliminating the state corrective process." 296 Fed. Appx. 280, 283 (3d Cir. 2008) (non-precedential).[13]

_____

of 'cause and prejudice' or a 'fundamental miscarriage of justice.'" <u>Lines</u>, 208 F.3d at 166.

To satisfy the first reason for excuse, the petitioner must show "some objective factor external to the defense [that] impeded . . . efforts to comply with the . . . procedural rule," as well as prejudice. <u>Id.</u> (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

To satisfy the second, the petitioner must typically show "actual innocence." <u>Id.</u> (citing <u>Cristin v. Brennan</u>, 281 F.3d 404, 420 (3d Cir. 2002)).

[13] However, even were this Court to deem the instant petition "mixed", the Third Circuit has further held that:

> When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' In such cases, however, applicants are considered to have procedurally defaulted their claims . . . ."

Accordingly, as Petitioner has no available corrective process at the state level, all of his claims (regardless of actual 'exhaustion') are deemed exhausted by operation of law.

### 2. Procedural Default

Next, this Court must determine whether Claims I, II, and V are procedurally defaulted.[14]  Petitioner presented Claims I, II, and V for ineffective assistance of counsel to the Pennsylvania Superior Court.  (See Resp't's Resp. Ex. A., Commonwealth v. Wallace, No. 866 EDA 2003, Pa. Super., Oct. 4, 2005.).  The Pennsylvania Superior Court dismissed the claims under Grant.  Petitioner then failed to file a single PCRA petition, seeking post-conviction relief.  Petitioner's failure

---

McCandless, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(A)). Therefore, Petitioner's Claims I, II, and V would be found procedurally defaulted.

[14]    The Third Circuit has noted the "considerable confusion around habeas review of state convictions [that] is exacerbated by the interrelationship of procedural default and exhaustion." Lines, 208 F.3d at 160 n.9; see also e.g., Coleman, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies 'available' to him"); McCandless, 172 F.3d at 263 ("because McCandless is procedurally barred from asserting these claims in state court, his claims are considered exhausted due to procedural default"); Grey v. Hoke, 933 F.2d 117, 120-121 (2d Cir. 1991) (because petitioner's claims would be procedurally barred by state law, no purpose would be served by making him return to state court; thus, "we hold that petitioner no longer has 'remedies available' . . . and that he has met the statutory exhaustion requirements for presenting a habeas petition to the federal courts").

to seek post-conviction relief in the form of a PCRA petition is in direct violation of Grant, which requires a petitioner to postpone asserting ineffectiveness of counsel claims on direct appeal, instead requiring the relief be furthered during collateral review.

Here, Petitioner had an opportunity to raise claims of ineffective assistance of counsel under the PCRA. Though Petitioner argues that Grant should not be applied to the instant claims, as his custody requirement prevented him from filing a PCRA petition in state court. However, Petitioner never filed a PCRA petition for collateral review in state court. Failure to file a PCRA petition was a direct violation of Pennsylvania procedural law. See Grant, 813 A.2d at 726 (all allegations of ineffective assistance of counsel to be raised during collateral review where an opportunity to hold an evidentiary hearing and fully develop the record exists).

Given that Petitioner failed to present his ineffective assistance of counsel claims I, II, and V to any state court for review and where Grant requires a petitioner raise such claims on collateral review, Petitioner's claims of ineffective assistance of counsel are procedurally defaulted and cannot be reviewed by this Court. Further, as Respondents properly argue, every state and federal prisoner alike are not permitted to file a petition

for collateral relief after release from custody.  See Lee v.
Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (only difference
between the federal and state procedures is a petitioner must be
in custody for entirety of collateral proceedings under state
rules, whereas federal court requires only that a petitioner be
in custody at the start of the post-conviction relief review).

Lastly, Petitioner can show neither "cause and
prejudice" nor "actual innocence," which would excuse the
procedural default rule.

First, Petitioner has not suffered "cause and
prejudice."  Murray, 477 U.S. at 488.  "The 'cause' required to
excuse a procedural default must result from circumstances that
are 'external to the petitioner, something that cannot fairly be
attributed to him.'"  Lines, 208 F.3d at 166 (citing Coleman, 501
U.S. at 753).  Further, "attorney inadvertence is not 'cause'
because the attorney is the petitioner's agent when acting or
failing to act, in furtherance of the litigation, and the
petitioner must 'bear the risk' of attorney error.  Id.  As in
Murray, Petitioner's "claims of constitutional ineffectiveness
must themselves be exhausted by proper presentation to the state
courts and here that was not even attempted."  477 U.S. at 489.
Petitioner never filed a PCRA petition and is now foreclosed from
doing so in state court.  The burden was on Petitioner to submit

a timely filing and he has not sufficiently demonstrated any "cause" for procedurally defaulting in state court.

Furthermore, any delay that occurred in Petitioner's case did not prejudice the Petitioner, in that the delay simply expanded the time for a timely filing of a PCRA petition. <u>Lines</u>, 208 F.3d at 166.[15]

---

[15] As addressed in detail above, Petitioner's Claims I, II, and V for ineffective assistance of trial counsel are deemed exhausted. Thereby, eliminating the need to find that "exhaustion is not required if there is inordinate delay in state procedures, or if state officials have obstructed the petitioner's attempts to obtain state remedies." <u>Mayberry v. Petsock</u>, 821 F.2d 179 (3d Cir.), <u>cert. denied</u>, 484 U.S. 946, 98 L. Ed. 2d 362, 108 S. Ct. 336 (1987).
    However, "futility" to properly present claims in a state court can instead be established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." <u>Doctor v. Walters</u>, 96 F.3d 675, 681 (3d Cir. Pa. 1996); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 518-519 (3d Cir. 1997).
    By arguing that he was unable to properly file a PCRA petition due to the state's custody requirement, this Court interprets Petitioner's assertion as one of futility. However, though, "we do not excuse exhaustion . . . unless state law clearly forecloses state court review of claims which have not previously been presented to a state court," this is not the case here. <u>Toulson v. Beyer</u>, 987 F.2d 984, 988-989 (3d Cir. 1993).
    Petitioner directly appealed his ineffective assistance of trial counsel claims, in direct violation of state procedural rules and was dismissed in state court. Further, no state corrective process exists for Petitioner as he is no longer in state custody, in violation of the custody requirement and the one-year statute of limitations has expired. 42 Pa. C.S.A. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . ."); <u>see also</u> <u>Commonwealth v. Banks</u>, 726 A.2d 374, 375 (Pa. 1999) ("[I]t is now clear that the one year limitation applies to all PCRA petitions.").

To satisfy the second exception, a petitioner must typically show "actual innocence." Id. (citing Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002)). Petitioner has made no efforts to make a showing of "actual innocence." This exception does not apply here. Requiring Petitioner to file post-conviction relief claims prior to termination of custody in state court, as applied to the instant circumstances, is not "unfair." Instead of properly and timely filing a PCRA petition, Petitioner has spent the greater part of the last seven years appealing each Court Order, a process that takes time and great resources and which has lead to redundant and confused parallel filings in both state and federal court. Given his proclivity towards multiple filings, Petitioner's actions alone demonstrate that the custody requirements was not an "unfair" bar to his filing a timely PCRA petition, in which he should have alleged ineffective assistance of counsel claims.

Petitioner did not properly present his claims of ineffective assistance of trial counsel to the state courts and, as such, his claims are, even where considered exhausted,

---

It is evidence that Petitioner has no recourse at the state level on which to continue to adjudicate his ineffective assistance of trial counsel claims as barred by state procedural rules. Therefore, the claims are also procedurally defaulted here and this Court may not review the merits.

procedurally defaulted.[16]  Therefore, this Court may not review

the merits underlying his claims.  Finally, since Petitioner

cannot demonstrate "cause and prejudice" for the failure to

timely file a PCRA petition, nor "actual innocence," habeas

relief as to Claims I, II, and V for ineffective assistance of

trial counsel is denied.


    B.    **Claim III**: Prosecutorial Misconduct

        In Claim III, Petitioner argues that prosecutorial

misconduct occurred during closing arguments.  Specifically,

Petitioner claims that, during summation and subject to defense

counsel's objection, the prosecutor's remarks identifying defense

---

[16]    Respondents also argue that, in the alternative,
Petitioner failed to assert Claims II (failure to object to
admissibility of evidence) and V (failure to object to trial
court's jury instruction) in his 1925(b) statement, instead
alleging "simple trial error - in admitting the evidence and in
giving the instruction."  (See Resp't's Resp., doc. no. 66 at 30,
Ex. A at 8, 13.)
        Petitioner's procedural error renders both claims
before this district court procedurally defaulted on independent
and adequate state grounds.  Pa.R.A.P. § 1925(b); see Buch v.
Colleran, 115 Fed. Appx. 526, 527-28 (3d Cir. 2004); see also
Commonwealth v. Lord, 719 A.2d 306, 308-09 (Pa. 1998) (claims not
raised in 1925(b) statement are waived).  Further, Respondents
argue Petitioner's Claims II and V are procedurally defaulted
because omission of claims from the 1925(b) fails to put the
trial level court on notice of the claims a petitioner intends to
raise on appeal.  See Evans v. Court of Common Pleas, 959 F.2d
1227, 1230 (3d Cir. 1992) (fair presentation of claims is
required at all levels of the state court, including the trial
level).

witnesses as "liars" were "replete with the kind of prosecutorial over-reaching that has resulted in the award of new trials in the past." (See Pet'r's Mem. Supp. Pet. 30-31.) Ultimately, Petitioner claims that this misconduct impeded his ability to receive a "fair and impartial" trial. (See Rep. and Recommendation 23.)

Respondents contend, however, that Claim III is procedurally defaulted, and therefore not subject to review by this Court for failure to "fairly present" a federal constitutional allegation of prosecutorial misconduct.

Under § 2254(a), federal habeas jurisdiction is limited "to applications for relief only on the ground that [petitioner] is in custody in violation of the Constitution or laws and treaties of the United States." See Paullet v. Howard, 634 F2d 117 (3d Cir. 1980) (identifying the distinction between "state" claims of prosecutorial misconduct and "constitutional" misconduct claims).[17] Further, in reviewing a federal habeas claim for prosecutorial misconduct, a federal court may only review "as it related to 'the narrow [issue] of due process and not the broad exercise of supervisory power.'" Darden v.

---

[17]    See id. (stating that federal appeals courts must heed the "distinction between ordinary trial error of a prosecutor and that sort of egregious misconduct held . . . to amount to a denial of constitutional due process").

<u>Wainwright</u>, 477 U.S. 168, 181 (1986) (quoting <u>Donnelly v.</u>
<u>DeChristoforo</u>, 416 U.S. 637 (1974)).

Here, Petitioner presented a habeas claim of
prosecutorial misconduct as only an issue of state law.
Petitioner does not reference any federal case law, nor (in his
original pleadings) does he mention a violation of due process.
Though Petitioner intends to address the violative nature of the
prosecutor's remark, he fails to do so on federal grounds.
Instead, Petitioner cites only state law and ABA standards.
Petitioner's singular reference to his inability to get a "fair
trial" is insufficient to allege a constitutional violation.  <u>See</u>
<u>Keller v. Larkins</u>, 251 F.3d 408, 415 (3d Cir. 2001) (finding that
"passing reference to the concept of a 'fair trial'" reasonably
leads to a state-law prejudice analysis, "not a federal issue of
due process").[18]

Given that Petitioner fails to state a federal claim in
terms of a constitutional Due Process violation and that a
federal habeas court must limit its review to issues of federal
law, this Court may not review a claim arising under an alleged

_____

[18]     <u>See also</u> <u>Minett v. Henricks</u>, 135 Fed. Appx. 547, 552
(3d Cir. 2005) (non-precedential) (finding pleadings to be barely
sufficient where petitioner did not "simply . . . invoke 'due
process' or 'fair trial' rights in state court . . . [but
Petitioner] invoked his fair trial rights under the Due Process
Clause of the Fourteenth Amendment" and cited federal case law
twice.).

violation of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that "it is not the province of the federal court to reexamine a state court's determination of state law").  As such, Petitioner's Claim III, seeking habeas relief, must be denied.

C.    **Claim IV:** Delay in Sentencing

In Claim IV, Petitioner argues that two lengthy delays in adjudication of his case at the state level warrants his sentence be vacated.  Petitioner contends that the first delay, from his conviction to sentencing, is a violation of his speedy trial rights and the second is a violation of his due process rights during the appellate process.  Respondents, however, argue that Petitioner's due process claims are barred by res judicata as the Third Circuit had already rejected these claims.

First, Petitioner was found guilty of criminal conspiracy on September 8, 2000, and was not sentenced until April 12, 2002, resulting in a twenty month delay.  Second, Petitioner asserts another "over twenty month delay" was "directly caused by the trial judge's failure to file an opinion, in derogation of the Pennsylvania Rules of Appellate Procedure, for over one year."  (See Rep. and Recommendation 27).

However, in Wallace v. Dragovich, the Third Circuit

considered and rejected Claim IV filed by Petitioner. 143 Fed.
Appx. 413, 419 (3d Cir. 2005) (holding that though petitioner
endured inordinate delay, a lack of prejudice established the
delay did not cause a constitutional violation). Therein, the
Third Circuit found that Petitioner could not demonstrate the
requisite prejudice demanded under <u>Barker v. Wingo</u>, 407 U.S. 514,
540 (1972). <u>Id.</u>

Under the doctrine of res judicata, this Court may not
re-litigate an issue already decided by the Third Circuit. <u>See</u>
<u>Taylor v. Sturgell</u>, 128 S. Ct. 2161 (2008) ("The preclusive
effect of a judgment is defined by claim preclusion and issue
preclusion, which are collectively referred to as 'res
judicata,'" both bar a party from contesting matters that the
party had a full and fair opportunity to litigate.) Therefore,
this Court may not review Petitioner's Claim IV and habeas relief
is denied.

D.    **Claim VI**: Insufficient Evidence for a Conviction

In Claim VI, Petitioner argues that there was
insufficient evidence to support a conviction, beyond a
reasonable doubt, that he was guilty of conspiracy to commit
arson. Specifically, Petitioner contends that based on "no
evidence of conspiracy other than participation in the arson,"

-22-

and the Commonwealth's case in chief failure to mention a "conspiracy," the Commonwealth did not meet their burden to prove Petitioner "entered into an unlawful agreement to do an unlawful act . . . and absent such proof the charge of conspiracy must fail." (See Pet'r's Mem. Supp. Pet. 50.)  In opposition, Respondents argue that the evidence was "more than enough" to convict Petitioner because "his participation in the arson is a sufficient basis to support a conviction for conspiracy." (See Resp't's Resp. 20.)

Claim VI is exhausted, but is not procedurally defaulted and as such this Court must review the underlying merits to determine whether Petitioner is entitled to habeas relief.

The proper inquiry to determine whether a conviction is supported by sufficient factual findings to prove the crime charged beyond a reasonable doubt is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (applying a narrow restriction to the analysis). The Jackson test is not to determine whether the verdict was correct or reevaluate the evidence for a determination of guilt, but to determine "whether the verdict was rational, considering the evidence of record in the light most favorable to the

prosecution." <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993).[19]
In applying the <u>Jackson</u> test, a federal habeas court must look to
the evidence that the state courts found to be sufficient to meet
the elements of a crime governed by state law. <u>Jackson v. Byrd</u>,
105 F.3d 145, 149 (3d Cir. 1997).

Here, on October 4, 2005, the Pennsylvania Superior
Court found that the sufficiency of evidence to support
Petitioner's conviction was met under Pennsylvania law. (<u>See</u>
Resp't's Resp. Ex. B). As noted in the Report and
Recommendation, the state standard of review is consistent with
federal law.

Under 18 Pa.C.S.A. § 903, to prove a defendant is
guilty of criminal conspiracy, Pennsylvania law required that the
Government prove three elements: (1) that Defendant entered an
agreement to commit or aid in an unlawful act with another person
or persons; (2) with a shared criminal intent; (3) an overt act
was done in furtherance of the conspiracy. <u>See</u> <u>Commonwealth v.</u>
<u>Johnson</u>, 719 A.2d 778, 784 (Pa. Super. 1998). The Superior
Court, citing § 903, further stated:

> [T]he essence of a criminal conspiracy is the common
> understanding that a particular criminal objective is to
> be accomplished. Mere association with the perpetrators,

---

[19]    <u>See also</u> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983)
("Federal courts are not forums in which to relitigate state
trials.").

mere presence at the scene or mere knowledge of the crime
is insufficient. Rather, the Commonwealth must prove that
the defendant shared the criminal intent, *i.e.,* that the
[Petitioner] was an active participant in the criminal
enterprise and that he had knowledge of the
conspiratorial agreement. The defendant does not need to
commit the overt act; a co-conspirator may commit the
overt act.

A conspiracy is almost always proved through
circumstantial evidence. The conduct of the parties and
the circumstances surrounding their conduct may create a
'web of evidence' linking the accused to the alleged
conspiracy beyond a reasonable doubt. The evidence must,
however, rise above mere suspicion or possibility of
guilty collusion.

This Court has identified factors to be considered: Among
the circumstances which are relevant, but not sufficient
by themselves, to prove a corrupt confederation are: (1)
an association between alleged conspirators; (2)
knowledge of the commission of the crime; (3) presence at
the scene of the crime; and (4) in some situations,
participation in the object of the conspiracy. The
presence of such circumstances may furnish a web of
evidence linking an accused to an alleged conspiracy
beyond a reasonable doubt when viewed in conjunction with
each other and in the context in which they occurred.

18 Pa.C.S.A. § 903.

   The Superior Court explicitly stated, in its opinion,

that sufficient evidence existed upon which to convict Petitioner

of conspiracy to commit arson.  <u>Johnson</u>, 719 A.2d at 784.

Though, the Superior Court found that circumstantial evidence

provided by the testimony of eye witness, Felicia Brown, was

alone sufficient, other testimony by the fire marshal, overt

actions by the Petitioner and Commonwealth proffered "web of

evidence," supported a finding that a jury could infer that

Petitioner conspired to commit arson beyond a reasonable doubt. Id.

After a thorough review of the record and Magistrate Judge Angell's well-reasoned Report and Recommendation, this Court finds that the Superior Court's determination is both supported by the factual record and is not based on an unreasonable determination of the facts. Further, upon consideration of the record in a light most favorable to the prosecution, this Court finds that "any rational trier of fact" could find that Petitioner was guilty of conspiracy to commit arson beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 318-19. As such, Petitioner's habeas relief will be denied.

E. **Claim VII**: Request for a New Sentencing Hearing

In Claim VII, Petitioner argues that, in calculating his sentence for his conviction on April 12, 2002, the trial court erred by using the wrong prior record score. (See Pet'r's Mem. Supp. Pet. 54-56.) However, after an appeal and remand, the Pennsylvania Superior Court, on October 5, 2006, re-sentenced Petitioner to eleven and one-half to twenty-three months imprisonment effective from October 1, 2001. Having already served his sentenced, Petitioner's April 12, 2002, sentence was vacated and he was immediately discharged.

Petitioner is no longer in state custody, or any custody for the conviction at issue, therefore the challenge to his original sentencing is moot.  As such, Petitioner's Claim VII is not reviewable by this Court and habeas relief is denied.

## III.  CONCLUSION

For the reasons set forth above Petitioner's objections to the Report and Recommendation will be overruled and Petitioner's claims for habeas relief will be **DENIED.**

An appropriate order follows.