IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARK WALLACE a/k/a MARK          :       CIVIL ACTION
GREEN,                           :       NO. 05-6197
                                 :
            Petitioner,          :
                                 :
        v.                       :
                                 :
JAMES WYDNER, JR. et al.,        :
                                 :
            Respondents.         :


**O R D E R**


**AND NOW**, this **15th** day of **January, 2010**, for the reasons provided in the accompanying Memorandum, it is hereby **ORDERED**:


1.   The Report and Recommendation (doc. no. 69) is **APPROVED** and **ADOPTED.**


2.   Petitioner's Objections to the Report and Recommendation, Response, and Reply (doc. nos. 70, 74, 78, respectively) are **OVERRULED.**


3.   Petitioner's Petition for Habeas Corpus (doc. no. 1) is **DENIED** and **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of

appealability[1] shall not issue and that this case shall be marked

**CLOSED.**


        **AND IT IS SO ORDERED.**


 

_____

**EDUARDO C. ROBRENO, J.**

---

[1]    A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.